19559

EDWARDS TRUCKING COMPANY, INC., Respondent, v. Corrie Rex MORROW and J. W. Jones Lumber Company, Appellants

(194 S. E. (2d) 250)

*Joseph R. Young, Esq.,* of Charleston, *for Appellant,*

*Messrs. Samuel J. Cobin,* of *Barnwell, Whaley, Stevenson and Patterson,* of Charleston, and *Norman N. West,* of Moncks Corner, *for Respondent,*

January 26, 1973.

BRAILSFORD, Justice.

This appeal from a judgment for plaintiff in an automobile collision case raises only one question, *i. e.,* whether the court erred in refusing defendant's request to charge Code Section 46-388(2), which prohibits driving to the left side of a roadway when approaching within one hundred feet of or traversing an *intersection.*

We learn from the agreed statement that defendant and plaintiff were traveling south on U. S. Highway 17-A. The collision occurred when defendant commenced a left turn "into a so-called lane to the home of Mr. Emmett Dangerfield" as plaintiff was in the act of passing.

The statute applies only to intersections of streets or highways, which are defined by Section 46-251, Code of 1962, as publicly maintained ways which are "open to the use of the public for purposes of vehicular travel."

In claiming the benefit of the statute on the issue of contributory negligence, defendant's reliance is upon the testimony of Mr. Dangerfield, quoting from the statement, "that the lane or road was publicly maintained by the County." We question the soundness of implying from this testimony the further statutory qualification that the lane was "open

to the use of the public for purposes of vehicular travel." But even if this could be done, the request was properly refused.

The complaint alleged that the collision occurred when the defendant "began turning left toward an unmarked dirt lane." The answer included ten specifications of negligence on the part of plaintiff which, according to the answer, caused or contributed to the collision. However, it was nowhere alleged that the collision occurred at or near an intersection, nor that plaintiff's truck was driven to the left side of the roadway under proscribed conditions. Absent any allegation raising an issue under the statute, defendant's request for an instruction was properly refused.

Affirmed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.